UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-cv-23803-RS

JOHN WILLIAM HIGHFIELD, III,

    Plaintiff,

v.

KILOLO KIJAKAZI,
*Acting Commissioner of Social Security*,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court upon Plaintiff John William Highfield, III's ("Plaintiff") Motion for Attorney's Fees (ECF No. 34), pursuant to § 206(b)(1) of the Social Security Act and 42 U.S.C. § 406(b)(1).  Defendant filed a Response (ECF No. 36) indicating that there is no objection to the requested fee, which is less than the amount that the Social Security Administration has withheld for the payment of attorney's fees.  The Motion has been referred to the undersigned by the Honorable Rodney Smith, United States District Judge, for appropriate rulings (ECF No. 37).  Having reviewed the Motion, the materials attached thereto, the Response, the record as a whole, and being otherwise fully advised in the premises, the undersigned **RECOMMENDS** that Plaintiff's Motion (ECF No. 34) be **GRANTED**.

**I.  BACKGROUND**

Plaintiff is the prevailing party in this litigation, as the Court remanded this case to the Commissioner of Social Security for further proceedings after granting summary judgment in favor of Plaintiff.  (ECF Nos. 28, 29).  On December 30, 2020, Plaintiff filed an unopposed petition for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), seeking

$3,171.88 in fees. (ECF Nos. 30, 32). The Court granted the petition on January 14, 2021. (ECF No. 33). Approximately one year later on December 30, 2021, the Commissioner of Social Security issued a Notice of Award. (ECF No. 34-2). The Notice did not expressly identify the amount of past-due benefits owed to Plaintiff, but it indicated that the Commissioner would be withholding 25 percent of that amount for payment of attorney's fees. The Commissioner determined that amount is $18,570.25 (*id.* at 4). Plaintiff's counsel proffers that she did not receive a copy of the Notice until May 13, 2022. (ECF No. 34 at 2–3). This Motion followed.

## II.   LEGAL STANDARD

Section 406(b)(1)(A) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). Attorney fees awarded under § 406(b) are payable "out of, and not in addition to, the amount of [the] past due benefits." *Id.* "Fees awarded pursuant to § 406(a) and § 406(b) are awarded in addition to any attorney's fees a claimant's counsel may receive pursuant to the EAJA if the Commissioner's position before the Court was not "substantially justified." *Sterling v. Astrue*, No. 09-60337-CIV, 2010 WL 3658994, at *2 (S.D. Fla. Aug. 19, 2010), *report and recommendation adopted*, No. 09-60337-CV, 2010 WL 3658943 (S.D. Fla. Sept. 15, 2010) (citation omitted); *see also Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010). However, "[i]n order to avoid a double recovery of attorney's fees, a claimant's counsel who is awarded attorney's fees under § 406(b) and the EAJA must refund the lesser amount to his client." *Sterling*, 2010 WL 3658994, at *2; *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due

Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee.") (citation omitted).

In determining the reasonableness of attorney fees under the Social Security Act, the Supreme Court had found that:

> § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases . . . Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Gisbrecht*, 535 U.S. at 806–07.

### III. DISCUSSION

Here, Plaintiff entered into a fee agreement with his counsel, which states: "I understand that my federal court attorney also has the right to ask the court to award 25% of my past-due benefits ('406(b) fees') for representing me in federal court." (ECF No. 34-1 at 2). The contingency agreement further provides that "if counsel becomes entitled to a fee up to 25% of the past due benefits for work before the court under 42 USC sec. 406(b), (Culbertson v. Commissioner) that counsel will credit the amount of the EAJA fee in addition to the 406b fee and will return any excess EAJA amounts not authorized" to Plaintiff. (*Id.*). The instant Motion seeks $12,571.00 for 13 hours of attorney work and 6.7 hours of paralegal work. Counsel represents this figure is 25 percent of Plaintiff's past-due benefits, calculated at $18,571.00,[1] which is reduced by $6,000.00 in fees awarded during post-litigation proceedings to other counsel—although this point is not made clear in the Motion. Thus, Plaintiff's counsel's requested fee represents 16.92 percent of the total past-due benefits awarded. The Court finds these fees reasonable. Plaintiff's claim was initially denied at the

---

[1] According to Defendant, Plaintiff's past-due benefits are $74,281.00, and the Social Security Administration has withheld 25 percent, which amounts to $18,570.25. (ECF No. 36); *see also* (ECF No. 34-2 at 4).

administrative level, and Plaintiff's attorney successfully appealed to this Court, obtained a remand, and then secured substantial past due benefits for Plaintiff. Furthermore, the Commissioner does not object to these fees. (ECF No. 36 at 2). The Motion further consents to refunding to Plaintiff $3,171.88[2] in fees previously awarded under the EAJA. (ECF No. 34 at 3).

## IV.   RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff John William Highfield, III's Motion for Attorney's Fees (ECF No. 34) be **GRANTED**, and that Plaintiff's counsel be awarded a total of $12,570.25 in attorney's fees, subject to the requisite refund to Plaintiff of the prior EAJA award in the amount of $3,171.88, as described above.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Rodney Smith, United States District Judge, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 8th day of September, 2022.

_____
LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable Rodney Smith
       Counsel of Record

---

[2] Although the Motion consents to refunding $3,171.80 in EAJA fees, the amount of fees awarded under the EAJA was $3,171.88. (ECF No. 33).